| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Blair Lindquist,  )  No. CV 06-597-TUC-FRZ
)
   Plaintiff,  )  **SCHEDULING ORDER**
)
v.  )  **CLASS CERTIFICATION PHASE**
)
Farmers Insurance Company of Arizona, et)
al.,  )
)
   Defendants.  )
)
_____)

A Scheduling Conference was held in this case on March 27, 2008. The parties proposed setting deadlines related to class certification leading up to a class certification hearing, and then revisiting deadlines if a class is certified. The Court agrees with this approach, and adopts the stipulated deadlines submitted by the parties regarding the class certification phase of the case. As discussed at the Rule 16 conference, while the parties agreed that the focus of discovery will be related to class certification issues, the Court notes that there is no bright line between certification and merits discovery; thus, to the extent Plaintiff seeks discovery relevant to certification issues that may overlap with issues related to the merits, Plaintiff would most likely be entitled to such discovery during the certification phase of this case. *See* 5 James Wm. Moore, et al., *Moore's Federal Practice* §23.83[3](3rd Ed. 2007)("Distinctions between certification and merits discovery should not be artificial or lead to unnecessary duplication of discovery . . . Frequently, discovery in aid of the

1 certification decision will include information required to identify the nature of the issues that
2 will be presented at trial.  In that situation, the court may allow controlled discovery into the
3 merits, limited to those aspects of the case that are relevant to making the certification
4 decision on an informed basis."); Manual for Complex Litigation §21.14 (4th Ed. 2004)
5 (Generally, discovery into certification issues pertains to the requirements of Rule 23 and
6 tests whether the claims and defenses are susceptible to class-wide proof; discovery into the
7 merits pertains to the strength or weaknesses of the [class] claims or defenses and tests
8 whether they are likely to succeed.  There is not always a bright line between the two.  Courts
9 have recognized that information about the nature of the claims on the merits and the proof
10 that they require is important to deciding certification.  Arbitrary insistence on the
11 merits/class discovery distinction sometimes thwarts the informed judicial assessment that
12 current class certification practice emphasizes.").

13 **Accordingly, IT IS HEREBY ORDERED THAT THE FOLLOWING**
14 **DEADLINES SHALL GOVERN THE CLASS CERTIFICATION PHASE OF THIS**
15 **CASE**:
16 (1) Initial Disclosures: 5/28/08.
17 (2) Plaintiff's Expert Witness Disclosure/Report: 8/14/08.
18 (3) Deposition of Plaintiff's Expert: 10/3/08.
19 (4) Defendants' Expert Witness Disclosure/Report: 11/17/08.
20 (5) Deposition of Defendants' Expert: 12/17/08.
21 (6) Discovery Deadline (Class Certification Phase): 3/27/09.
22 (7) Motion for Class Certification: 4/10/09.
23 (8) Response to Motion for Class Certification: 5/26/09.
24 (9) Reply to Motion for Class Certification: 6/16/09.
25 (10) Hearing on Motion for Class Certification: 7/28/09 at 9:30 a.m. (to be continued on
26 7/29/09 to 7/31/09 if necessary).

27
28

1  IT IS FURTHER ORDERED as follows:

2 (a) The parties shall file only a Notice of Initial Disclosure with the Clerk of the Court, rather than copies of the actual disclosures.

(b) The parties are directed to LRCiv 7.2(j), Rules of Practice of the United States District Court for the District of Arizona, which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties.  If a discovery dispute arises which cannot be resolved by the parties, the parties shall notify the Court by telephone at (520) 205-4530.  The Court will promptly resolve the problem by having the parties submit position statements and scheduling a telephonic conference or by having the parties file formal motion(s) with the required certification.

(c) The parties shall submit to the Court a brief Joint Settlement Status Report **on or before 6/27/08**, and every 120 days thereafter.

(d) The parties have leave of the Court, pursuant to LRCiv 7.2, to file a motion, opposition and reply.  No other (supplemental) pleading will be considered by the Court, unless a motion for leave to file said pleading is granted by the Court.  All pleadings submitted for the court's review must comply with the filing, time, and form requirements of the Local Rules. Additionally, **any** pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents.  The exhibits must be indexed with tabs which correspond to the Table of Contents.  The Court will not consider pleadings which do not conform to these requirements.

(e) The parties cannot, without Court approval, extend the deadlines imposed by the Court.  All motions/requests for extension of time shall comply with LRCiv 7.3. All motions/requests for extension of discovery deadlines must also include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

Lastly, as discussed for the first time during the Rule 16 Conference, it appears that Plaintiff resides in Maricopa County, that the damaged property that is the subject of this case is located in Maricopa County, and the relevant insurers' agents that initially addressed

1  Plaintiff's property damage claim are also located in Maricopa county.  The United States
2  District Court for the District of Arizona covers the entire State of Arizona.  28 U.S.C. § 82.
3  However, the District of Arizona is divided into three divisions: the Tucson Division, the
4  Prescott Division, and the Phoenix Division.  *See* LRCiv 77.1(a).  The Phoenix Division
5  includes the following Arizona counties: "Maricopa, Pinal, Yuma, La Paz, and Gila."  *Id.*
6  "Unless otherwise ordered by the court, all civil and criminal cases founded on causes of
7  action (1) arising in the Phoenix Division shall be tried in Phoenix . . . ."  LRCiv 77.1(c).
8  Thus, it appears that this case should be in the Phoenix division.  This issue was discussed
9  during the Rule 16 Conference and the parties stated that they needed additional time to
10 explore it; as such, as stipulated by the parties, they shall submit a report regarding this issue
11 to the Court no later than April 4, 2008.
12          DATED this 28th day of March, 2008.

                                                    *Frank R. Zapata*
                                                    FRANK R. ZAPATA
                                                    United States District Judge

- 4 -