IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Blair Lindquist,<br><br>    Plaintiff,<br><br>v.<br><br>Farmers Insurance Company of Arizona, et al.,<br><br>    Defendants. | No. CV 06-597-TUC-FRZ<br><br>**ORDER** |

    Pending before the Court is Plaintiff's motion for leave to file a motion for reconsideration and motion for reconsideration. Plaintiff seeks reconsideration of a portion of the Court's Order addressing standing issues previously raised in Defendants' motion to dismiss.

    As a threshold matter, the Court notes that Plaintiff makes arguments in his motion for reconsideration based on case law and a treatise that he failed to cite in his original response to Defendants' motion to dismiss. The new authority cited by Plaintiff was readily available long before Plaintiff filed any response to Defendants' motion to dismiss, and Plaintiff gives no justification for his failure to cite this authority in his original response to Defendants' motion to dismiss. Plaintiff proceeding in this manner is improper as it forces both the Court and the parties to expend additional time and resources revisiting issues that should have been addressed previously. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)(granting a motion for reconsideration "is an extraordinary

remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . [a] motion [for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.")(internal quotes and citation omitted); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(same); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(same); *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999)(same); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993)(same); LRCiv 7.2(g)(same).

"The law is clear that reconsideration is appropriate only in very limited circumstances." *Shalit*, 182 F.3d at 1132. Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners*, 179 F.3d at 665; *see also Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991)(a motion for reconsideration should not used to reargue issues the court had already considered and rejected).

Having reviewed the motion to reconsider and the record in this case, the Court finds no basis to depart from its original decision.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's motion for reconsideration and motion for leave are **denied**.

DATED this 7th day of April, 2008.

FRANK R. ZAPATA
United States District Judge